UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                            Case No. 95-cr-81035

v

                            HON. MARK A. GOLDSMITH

CURTIS PLEASANT,

      Defendant.

_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO**
**VACATE CONVICTION AND SENTENCE (Dkt. 118)**

This matter is before the Court on Defendant Curtis Pleasant's motion to vacate his

conviction and sentence under 28 U.S.C. § 2255 (Dkt. 118). Pleasant seeks to vacate his conviction

and sentence for using or carrying a firearm during a crime of violence, in violation of 18 U.S.C.

§ 924(c), while leaving intact his sentence for kidnapping, in violation of 18 U.S.C. § 1201(a).

The Government concedes that Pleasant's § 924(c) conviction must be vacated but maintains that

the Court must resentence Pleasant on the kidnapping conviction. For the reasons that follow, the

Court grants in part and denies in part Pleasant's motion to vacate. The motion is granted insofar

as the Court sets aside and vacates Pleasant's § 924(c) conviction. However, the motion is denied

to the extent that the Court concludes that resentencing on the kidnapping conviction is warranted.[1]

## I.  BACKGROUND

On February 23, 1999, Pleasant was convicted by a jury of the following two charges:

(i) kidnapping, in violation of 18 U.S.C. § 1201(a), and (ii) using or carrying a firearm during a

---

[1] This matter was originally assigned to the Honorable John O'Meara, and was later reassigned to the undersigned on February 7, 2020, upon Judge O'Meara's retirement. Judge O'Meara presided at Pleasant's trial and initial sentencing.

crime of violence, in violation of 18 U.S.C. § 924(c).  Pleasant was sentenced on July 21, 1999, to

235 months' imprisonment for the kidnapping offense and to twenty years' imprisonment for the

§ 924(c) offense, to be served consecutively.  See Judgment, Ex. A to Mot. (Dkt. 118-2).  These

sentences were also to be served consecutive to a 117-month sentence imposed in the Southern

District of Alabama for offenses committed when law enforcement officers attempted to arrest

Pleasant for the kidnapping and § 924(c) offenses.  See id.; Presentence Report at 8-9.  Altogether,

Pleasant faced sentences totaling 592 months' imprisonment, or approximately forty-nine years.

To date, Pleasant has served nearly twenty-five years of these sentences.

Pleasant now requests that the Court vacate his conviction and sentence under § 924(c) in

light of the Supreme Court's decision in United States v. Davis, — U.S. — , 139 S. Ct. 2319

(2019).  The Government agrees that this conviction and sentence must be vacated but maintains

that Pleasant must be resentenced on his kidnapping charge.  See Resp. at 1 (Dkt. 125).

## II.  ANALYSIS

Under 18 U.S.C. § 924(c), a crime of violence is defined as follows:

[A]n offense that is a felony and—
      (A) has as an element the use, attempted use, or threatened use of physical
      force against the person or property of another, or
      (B) that by its nature, involves a substantial risk that physical force against
      the person or property of another may be used in the course of committing
      the offense.

18 U.S.C. § 924(c)(3).  On June 24, 2019, the Supreme Court held in Davis that subsection (B) of

the quoted provision—the so-called residual clause—is invalid because it is unconstitutionally

vague.  139 S. Ct. at 2336.

Given the invalidation of the residual clause, Pleasant argues, and the Government agrees,

that kidnapping in violation of 18 U.S.C. § 1201(a) no longer meets the definition of a "crime of

violence" and, therefore, cannot serve as a predicate offense sustaining a conviction under

§ 924(c).  The Sixth Circuit has previously accepted the Government's concession that kidnapping no longer qualifies as a crime of violence under § 924(c), holding that a petitioner's "conviction under § 924(c) for using a firearm during and in relation to kidnapping must be vacated."  Knight v. United States, 936 F.3d 495, 497 (6th Cir. 2019); see also United States v. Brazier, 933 F.3d 796, 800-801 (7th Cir. 2019) (holding that a kidnapping conviction cannot support a § 924(c) conviction); United States v. Sanford, 779 F. App'x 568, 569 (10th Cir. 2019) (noting the Government's agreement that a kidnapping conviction cannot serve as a predicate offense sustaining a § 924(c) conviction).  Thus, in accordance with the parties' stipulation, the Court vacates and sets aside Pleasant's conviction and sentence under § 924(c).

Once a court vacates and sets aside a judgment, it must either (1) discharge the petitioner, (2) resentence him, (3) grant him a new trial, or (4) correct the sentence, "as may appear appropriate."  28 U.S.C. § 2255(b).  "Section 2255 gives district judges wide berth in choosing the proper scope of post-2255 proceedings."  Ajan v. United States, 731 F.3d 629, 633 (6th Cir. 2013).  A court granting relief under § 2255 has "discretion to impose a corrected sentence based on a brief order, a hearing that resembles a de novo sentencing proceeding, or anything in between," provided that a corrected sentence is procedurally and substantively reasonable.  United States v. Nichols, 897 F.3d 729, 738 (6th Cir. 2018).

Here, the parties dispute what relief is appropriate in connection with vacating Pleasant's § 924(c) sentence.  Pleasant urges the Court to vacate his twenty-year § 924(c) sentence while leaving intact his 235-month kidnapping sentence—a course that would result in Pleasant's immediate release. Mot. at 9; Reply at 1 (Dkt. 127).  By contrast, the Government maintains that Pleasant must be resentenced because his kidnapping sentence is at a significant variance from the guidelines calculation, which is now subject to an enhancement based on his use of a firearm.

3

Resp. at 1, 4.  The Government has the better part of the argument.

In <u>Davis</u>, the Supreme Court noted that "when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted."  139 S. Ct. at 2336 (quoting <u>Dean v. United States</u>, — U.S. — , 137 S. Ct. 1170, 1176 (2017)); <u>see also</u> <u>United States v. Smith</u>, 756 F.3d 1179, 1189 n.6 (10th Cir. 2014) (collecting cases).  Courts reason that resentencing on an underlying offense is proper because "the § 924(c) offense and the underlying offense are interdependent and result in an aggregate sentence, not sentences which may be treated discretely."  <u>Smith</u>, 756 F.3d at 1189.  Thus, courts frequently conduct resentencing hearings where an underlying offense would be subject to a sentence enhancement following vacatur of a § 924(c) conviction.  <u>See</u> <u>Pasquarille v. United States</u>, 130 F.3d 1220, 1222 (6th Cir. 1997); <u>United States v. Mendoza</u>, 118 F.3d 707, 710 (10th Cir. 1997); <u>see also</u> <u>Villalobos v. United States</u>, No. 19-cv-3270, 2020 WL 32328, at *3 (C.D. Ill. Jan. 2, 2020) ("As vacating Petitioner's conviction on [the § 924(c) offense] may impact the sentencing guidelines calculation and the appropriate sentence for [the underlying conviction], the Court finds that a complete resentencing is appropriate.").

Pleasant draws the Court's attention to caselaw in which courts declined to resentence a petitioner after vacating a conviction and sentence under § 924(c).  Mot. at 8; Reply at 2.  For example, in <u>United States v. Hadden</u>, 475 F.3d 652, 657, 669 (4th Cir. 2007), the Fourth Circuit affirmed the district court's decision not to resentence a petitioner on his underlying drug convictions after vacating his § 924(c) conviction.  Rather than resentence the petitioner, the district court subtracted the sixty-month § 924(c) sentence from the aggregate sentence, as the Government was not seeking to enhance the petitioner's sentence on his remaining convictions.

4

Id. at 657, 669.  Likewise, in Augustin v. United States, Nos. 1:19-cv-328, 1:15-cv-237, 1:09-cr-187, 2020 WL 207942, at *3 (E.D. Tenn. Jan. 14, 2020), the district court vacated the petitioner's § 924(c) conviction and held that resentencing on the underlying kidnapping charge was unnecessary because the petitioner's guidelines range would remain unchanged even with the addition of a two-level enhancement for the use of a firearm.

But the present action is distinguishable from Hadden and Augustin because the Government seeks to impose a firearm enhancement that would impact the guidelines range applicable to Pleasant's kidnapping conviction.  At the time of his original sentencing in 1995, Pleasant's § 924(c) conviction precluded enhancement of his kidnapping conviction based on his use of a firearm.  See U.S.S.G. § 2K2.4 commentary ("To avoid double counting, when a sentence under [§ 924(c)] is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm discharge, use, or possession is not applied in respect to such underlying offense.").  Now, upon vacatur of Pleasant's § 924(c) conviction, the Government intends to pursue a firearm enhancement with respect to the kidnapping conviction that will result in a higher guidelines calculation.  Resp. at 4-5.

Pleasant argues that his guidelines range for his kidnapping conviction would remain unchanged, as a firearm enhancement is not available under U.S.S.G. § 2A3.1, the guidelines section governing the calculation of his total offense level.  Pleasant Supp. Br. at 2 (Dkt. 131).[2] Contrary to Pleasant's argument, U.S.S.G. § 2A3.1(b)(1) provides for a four-level enhancement if a sexual act was committed by the means set forth in 18 U.S.C. § 2241(a) or (b), including through the use or display of any dangerous weapon.  The commentary to that provision expressly states:

---

[2] At the sentencing in 1995, the Court applied the cross-reference in the kidnapping guidelines, U.S.S.G. § 2A4.1(b)(7)(A), to apply the higher guidelines for sexual assault, U.S.S.G. § 2A3.1. Presentence Report at 6.

> 'The means set forth in 18 U.S.C. 2241(a) or (b)' are: by using force against the victim; by threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping; by rendering the victim unconscious; or by administering by force or threat of force, or without the knowledge or permission of the victim, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the victim to appraise or control conduct. This provision would apply, for example, where any dangerous weapon was used, brandished, or displayed to intimidate the victim.

U.S.S.G. § 2A3.1, commentary (1995). Assuming that this enhancement would apply under the facts of this case, Pleasant's total offense level would be 37, resulting in a guidelines range of 360 months to life. See Presentence Report at 6. In contrast, Pleasant's original guidelines range for the kidnapping offense was 235 to 293 months. Id. at 13.

Finally, Pleasant raises a number of equitable considerations in arguing that the Court should vacate his § 924(c) sentence while leaving his kidnapping sentence intact. First, he contends that the Government originally agreed to a sentence of only seven years in a Rule 11 plea agreement, which was ultimately rejected by the Court in 1997. See Mot. at 9-10 (citing Presentence Report at 3). Second, Pleasant argues that if he was sentenced today for the same conduct, he would not be subject to a mandatory consecutive sentence on his § 924(c) conviction. Mot. at 10-11. Third, Pleasant maintains that his prison record demonstrates extraordinary rehabilitation. Id. at 11-16.

Pleasant, however, does not explain the relevance of these considerations to the Court's evaluation of whether resentencing is proper. A Rule 11 plea agreement that was rejected by the Court simply has no bearing on the issue. And although Pleasant argues that he would not be subject to a mandatory consecutive sentence on his § 924(c) conviction, the Court is vacating this sentence. Finally, Pleasant's rehabilitation is a matter more appropriately considered during resentencing. See Putrous v. United States, No. 03-80743-3, 2011 WL 2669073, at *13 (E.D. Mich. July 6, 2011) (citing Pepper v. United States, 562 U.S. 476, 490 (2011)) (noting in the

6

context of a § 2255 motion that a court at resentencing may consider evidence of post-sentencing rehabilitation to support a downward variance).

In view of the circumstances of this case, the Court concludes that resentencing Pleasant on his kidnapping conviction is warranted.  As noted in <u>Smith</u>, Pleasant's kidnapping and § 924(c) offenses were interrelated and resulted in an aggregate sentence, thereby rendering discrete treatment of the sentences inappropriate.  <u>See</u> 756 F.3d at 1189.  Additionally, Pleasant's kidnapping conviction is now subject to a sentencing enhancement that would result in an increased guidelines range.  Consequently, the Court will conduct a de novo resentencing hearing.

### III.  CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part Pleasant's motion to vacate (Dkt. 118).  The motion is granted insofar as the Court sets aside and vacates Pleasant's § 924(c) conviction and sentence, and it is denied to the extent that the Court concludes that resentencing is warranted on Pleasant's kidnapping conviction.

SO ORDERED.

Dated: July 29, 2020                                    s/Mark A. Goldsmith
     Detroit, Michigan                          MARK A. GOLDSMITH
                                     United States District Judge